Morgan Lewis

**Gina F. McGuire**
+1.212.309.6199
Gina.mcguire@morganlewis.com

October 5, 2026

**VIA ECF**

The Honorable United States District Judge Gary R. Brown
United States District Court for the Eastern District of New York
100 Federal Plaza, Courtroom 940
Central Islip, NY 11722

**Re: *Shardenay Palmer v. Capital One N.A.*, Case No. 2:25-cv-01320 (GRB) (AYS)**

Your Honor:

We represent Defendant Capital One N.A., a subsidiary of Capital One Financial Corporation, in the above-referenced matter. Pursuant to Your Honor's Individual Rules, we write to respectfully request a pre-motion conference regarding Capital One's anticipated Motion for Summary Judgment based on the enclosed Local Rule 56.1 Statement of Undisputed Material Facts ("SOF") and supporting evidence. For the reasons below, this Court should enter summary judgment in Capital One's favor on both of Plaintiff Shardenay Palmer's pregnancy discrimination claims.

## I. Relevant Factual Background.

Plaintiff's March 7, 2025 Complaint (Dkt. 1) in this matter asserts that Capital One terminated her employment because of her pregnancy in violation of Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law. The undisputed facts, however, demonstrate that Capital One's decision was based on a legitimate, nondiscriminatory reason wholly unrelated to Plaintiff's pregnancy: namely, her poor judgment in failing to order the evacuation of a Capital One bank branch in Roslyn, New York during a gas-leak incident that put employees at risk.

In December 2021, Plaintiff was promoted by her manager, Kim Conte, to the role of Market Executive ("ME"). SOF ¶ 5. As ME, Plaintiff was responsible for managing the branches and branch employees in her assigned market. *Id.* ¶¶ 6-7. She was expected to "own decisions across all initiatives," take "ownership for service levels, risk and compliance," and make decisions regarding ambassador and customer safety. *Id.* In October 2023, two years into Plaintiff's ME tenure, Plaintiff advised Ms. Conte of her pregnancy and, in December 2023, requested a pregnancy-related work-from-home accommodation, which was approved. *Id.* ¶¶ 23-25.

In January 2024, Plaintiff was assigned to the Nassau Market, which included the Roslyn branch. *Id.* ¶¶ 5, 27. Early on the morning of Saturday, January 13, 2024, the Roslyn branch's Market Manager called Plaintiff to inform her that branch employees had reported a gas leak that caused the branch to smell so strongly of gas that the firefighters who responded to their 911 call said it

was unsafe to be in the building. *Id.* ¶¶ 27-36. Confronted with this information, Plaintiff chose not to direct an immediate evacuation of the branch. Instead—and despite her awareness both that the fire department had said the building was unsafe and that gas can explode (*id.* ¶¶ 36, 70)—she directed the branch employees, through the Market Manager, to remain in the branch to complete closing procedures. *Id.* ¶¶ 35-45. Closing procedures involve routine tasks such as counting money and securing the vault (which also can be accomplished remotely). These procedures can generally take approximately 10-15 minutes, but in this case took nearly 50 minutes after the fire department had said it was unsafe to remain because the employees had difficulty closing the vault. *Id.*

After that, Plaintiff never followed up with any of the employees who were at the branch that morning to see how the incident resolved or to make sure they were okay. *Id.* ¶ 45. In fact, employees at the branch reported that they felt physically ill while forced to stay in the branch exposed to gas fumes, and one complained to the Company that she felt Plaintiff's and the Market Manager's decisions put their lives at risk and placed routine business concerns over their safety. *Id.* ¶¶ 31, 33, 43, 46. During Plaintiff's interview about the complaint, she learned for the first time how long it took for associates to leave the branch. *Id.* ¶¶ 45-48. Plaintiff and the investigator also reviewed the emergency procedures in place at the time of the gas leak. *Id.* ¶¶ 47-54.

During the two years prior, Ms. Conte documented and provided feedback to Plaintiff regarding her leadership and management struggles, including in Plaintiff's performance reviews for 2022 and 2023. *Id.* ¶¶ 8-22. Specifically, Ms. Conte's written evaluations of Plaintiff credited her strengths from a process and operations perspective but consistently flagged the disconnect between Plaintiff and the employees she supervised arising from the manner in which Plaintiff engaged and interacted with them. *Id.* In 2023, Ms. Conte noted that Plaintiff's "ability to influence her team through coaching inspiration and empowerment and inclusion [was] lagging behind those of her peers." *Id.* ¶ 12. Plaintiff's written evaluations reflected Ms. Conte's support for Plaintiff in the form of coaching and recommendations to help Plaintiff improve. *Id.* ¶¶ 10, 14, 20, 21.

In 2023, Ms. Conte rated Plaintiff's performance as "Inconsistent"[1] and prepared a formal Coaching Plan for Plaintiff to follow with Ms. Conte's close and ongoing support. *Id.* ¶¶ 16-22. Despite Plaintiff's performance issues, Ms. Conte had no plans to terminate her employment prior to the incident at the Roslyn branch. *Id*. In fact, the Coaching Plan was intended to be implemented following Plaintiff's return from parental leave in 2024. *Id*. Ms. Conte expressed this hope in Plaintiff's 2023 evaluation together with excitement for the birth of Plaintiff's twins. *Id.* ¶ 21.

Despite Ms. Conte's support for Plaintiff and following a robust investigation into the gas leak incident, Ms. Conte, together with members of the Company's Human Resources and Associate Relations departments, concluded that Plaintiff's failure to direct evacuation put lives at risk, violated Company policies, and demonstrated poor leadership and judgment. *Id.* ¶¶ 46-64. They reached the same conclusion with respect to the Market Manager, a male (non-pregnant) employee, who similarly failed to appropriately exercise discretion and authority that day. *Id*. ¶¶ 56-64. For these reasons, the Company terminated both employees' employment on February 2, 2024. *Id*.

---

[1] Ms. Conte formalized Plaintiff's "Inconsistent" rating in November 2023, weeks before Plaintiff requested a work-from-home accommodation. Ms. Conte also rated a male (non-pregnant) ME as "Inconsistent." *Id.* ¶¶ 16-17.

## II. Plaintiff Cannot Prevail on Her Claims of Pregnancy Discrimination.

Plaintiff disagrees with the Company's decision and testified that, even with the benefit of hindsight, she would not have acted differently. *Id.* ¶ 76. Instead, she claims that the decision was because of discrimination based on her pregnancy and planned parental leave. Plaintiff makes these claims despite the undisputed facts, including her own admissions, that (1) no Company employee ever said anything remotely negative regarding Plaintiff's pregnancy or accommodation (*id.* ¶ 26); (2) the Company approved her pregnancy-related request for a work-from-home accommodation (*id.* ¶ 25); and (3) the Market Manager was terminated for his similar conduct in connection with the same incident (*id.* ¶¶ 46-64). Indeed, Plaintiff never even raised the prospect that she had been discriminated against until *after* her termination. *Id.* ¶¶ 65-66. Left with no facts to support her claims, Plaintiff bases them solely on her own subjective views and the temporal proximity of her termination (February 2, 2024) and her pregnancy-related work-from-home accommodation request[2] and parental leave. *Id.* ¶¶ 68-69. But Plaintiff's claims fail for two primary reasons. First, she cannot establish a *prima facie* case of discrimination because none of the circumstances of her termination support an inference that it was based on her pregnancy. Second, the Company terminated her employment for legitimate, business reasons, and there is no evidence that the Company's decision was a pretext for or otherwise motivated by discrimination.

### A. Governing Standards.

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Guzman v. City of New York*, 93 F. Supp. 3d 248, 256 (S.D.N.Y. 2015). Title VII pregnancy discrimination claims are analyzed under the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that framework, Plaintiff must establish a *prima facie* case by showing, in relevant part, that her termination occurred "under circumstances giving rise to an inference of discrimination." *Guzman*, 93 F. Supp. 3d at 256. If Plaintiff makes that showing, the burden shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse action. *Id.* The burden then shifts back to Plaintiff to show pretext. *Id.* To defeat summary judgment, Plaintiff must show "specific facts showing there is a genuine issue for trial," and mere speculation or conjecture will not suffice. *Id.* Under the NYSHRL, to obtain summary judgment, Defendant must show "that there is no evidentiary route that could allow a jury to believe that discrimination played a role in their challenged actions." *Wright v. White Plains Hosp. Med. Ctr.*, 237 A.D.3d 1143, 1145, 232 N.Y.S.3d 594, 596 (2d Dep't 2025). "A plaintiff may defeat summary judgment by coming forward either with evidence that the defendant's stated reasons were a pretext for discrimination or with evidence that discrimination was one of the motivating factors for the defendant's conduct." *Id.* at 596-97. Summary judgment for Defendant is appropriate here.

### B. Plaintiff Cannot Establish a *Prima Facie* Claim of Discrimination.

Plaintiff's *prima facie* case fails because there is no evidence supporting an inference of

---

[2] Plaintiff requested a work-from-home accommodation on approximately December 6, 2023; the request was provisionally granted and then officially approved on December 28, 2023 and January 22, 2024, respectively. Plaintiff worked from home with approval beginning December 6, 2023. SOF ¶ 25.

discriminatory intent. "[A] *prima facie* case fails at the threshold if there is 'no evidence in the record that anyone who was responsible for the adverse employment action harbored a discriminatory motive toward the plaintiff or acted with a discriminatory intent.'" *Peralta v. Roros 940, Inc.*, 72 F. Supp. 3d 385, 392 (E.D.N.Y. 2014) (citing *Mathirampuzha v. Potter*, 548 F.3d 70, 79 (2d Cir. 2008)). "At a minimum, the plaintiff must demonstrate that a biased party played a 'meaningful role' in the adverse action." *Id.* If not, "the plaintiff cannot establish . . . that the action occurred 'because of discrimination.'" *Id.* Plaintiff's case fails for this reason alone. There is no evidence that anyone involved in the decision to terminate Plaintiff's employment harbored any pregnancy-based bias or discriminatory intent. In fact, Plaintiff testified that neither Ms. Conte nor any other Capital One employee ever said or did anything demonstrating a discriminatory animus based on Plaintiff's pregnancy. *Weisbecker v. Sayville Union Free Sch. Dist.*, 890 F. Supp. 2d 215, 237 (E.D.N.Y. 2012) (granting summary judgment where "the record is devoid of any comments or actions whatsoever [that decisionmaker] had a discriminatory animus"). Plaintiff elected not to depose Ms. Conte—the primary decisionmaker—and the record is devoid of evidence contradicting Ms. Conte's sworn declaration that Plaintiff's pregnancy played no role in her termination.

### C. The Company Terminated Plaintiff for a Legitimate, Business Reason.

The record uniformly shows that Plaintiff was terminated exclusively for her mishandling of the January 13, 2024 gas leak incident at the Roslyn branch. SOF ¶ 55-67. The same decisionmakers fired the Market Manager for the same reasons. *Id.* ¶¶ 55-64. Plaintiff's case rests exclusively on the fact that the termination occurred in close temporal proximity to the formal approval of her accommodation and her plan to take a parental leave, and her subjective views of and disagreement with the reasons for her termination. But, without other evidence of discrimination, neither matters. *Russo v. Wyandanch Union Free Sch. Dist.*, 2024 WL 2350314, at *2 (2d Cir. May 23, 2024) (summary judgment appropriate where plaintiff "offer[ed] nothing more than temporal proximity to support an inference of retaliatory motive") (affirming decision of Judge Brown, E.D.N.Y.); *Guzman v. Crothall Healthcare Inc.*, 2021 WL 5048993, at *12 (E.D.N.Y. Sept. 29, 2021) (same); *Farmer v. Shake Shack Enters., LLC*, 473 F. Supp. 3d 309, 330 (S.D.N.Y. 2020) (subjective belief does not sustain discrimination claim); *Fleming v. MaxMara USA, Inc.*, 644 F. Supp. 2d 247, 266 (E.D.N.Y. 2009), aff'd, 371 F. App'x 115 (2d Cir. 2010) ("a plaintiff's factual disagreement with the validity of an employer's non-discriminatory reason for an adverse employment decision does not, by itself, create a triable issue of fact."); *Wright*, 232 N.Y.S.3d at 597 (rejecting NYSHRL claim based only on speculation).[3] Plaintiff cannot overcome the Company's legitimate reason for the termination, nor can she show pretext.

* * *

Accordingly, Capital One respectfully requests the Court schedule a pre-motion conference to set a briefing schedule for its motion for summary judgment.

---

[3] Plaintiff testified that she believed she was retaliated against for her accommodation request and anticipated parental leave based only on temporal proximity. Plaintiff Tr. 246:9-23. But the Complaint does not plead a retaliation claim. *Garcia v. Henry St. Settlement*, 501 F. Supp. 2d 531, 543–45 (S.D.N.Y. 2007) (rejecting unpled retaliation claim). Even if it had, the claim fails for lack of evidence. *See id.*

Respectfully submitted,

/s/ Gina F. McGuire
Gina F. McGuire
*Attorney for Defendant Capital One*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2026, I caused a true and correct copy of the foregoing letter and attachments thereto to be filed electronically with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record.

Dated: New York, New York
October 5, 2026

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: *Gina F. McGuire*

Gina F. McGuire, Bar No. 5103916
gina.mcguire@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
+1.212.309.6000
+1.212.309.6001

*Counsel for Defendant Capital One N.A.*